UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DARNEL POWELL BEY,

                Plaintiff,

  - against -

ROBIN B. CAMPANELLI, *et al.*,

                Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-5304 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

On September 16, 2019, plaintiff Darnel Powell Bey filed this *pro se* action, alleging, *inter alia*, mistreatment in connection with his arrest in Nassau County, New York. (Compl. (Doc. No. 1).) By letter dated September 17, 2019, Powell Bey was notified that he failed to pay the requisite filing fee, and that he had fourteen days to pay the fee or to file an application to proceed *in forma pauperis*. (9/17/2019 Letter (Doc. No. 2).) Powell Bey failed to respond by the deadline. He subsequently filed an *in forma pauperis* application on October 4, 2019, (IFP Mot. (Doc. No. 4)), along with a motion for an extension of time, (Mot. for Extension (Doc. No. 5)). For the reasons set forth below, Powell Bey's motion to proceed *in forma pauperis* is denied without prejudice.

## DISCUSSSION

Under 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, plus an additional $50, for a total of $400. The Court may waive the filing fee, however, and permit a plaintiff to proceed *in forma pauperis* ("IFP") upon a finding that he is indigent. *See* 28 U.S.C. § 1915; *see also Lampman v. Friedman & Levine, Inc.*, No. 07-CV-3423 (SLT) (LB), 2007 WL 2471725, at *1 (E.D.N.Y. Aug. 30, 2007). The determination of whether a plaintiff qualifies for

IFP status is within the discretion of the district court. *See DiGianni v. Pearson Educ.*, No. 10-CV-206 (RJD) (LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

Here, Powell Bey failed to pay the requisite fee or file a timely IFP application. The Court accepts his representation that he was unable to submit his IFP application in a timely fashion because he was hospitalized or out of the country. Even so, Powell Bey's application does not support a finding that he is indigent. The Court recognizes that Powell Bey's financial declaration suggests that he is unemployed, and that his only source of monthly income is $800 in financial assistance from family members. (IFP Mot. at 1.) However, Powell Bey also represents that he just returned from an eight-day trip to Montego Bay, Jamaica. (Mot. for Extension at 13.) Moreover, on September 24, 2019, shortly after he filed this action, Powell Bey paid the $400 filing fee to commence another action pending before this Court. *See Bey v. Nassau County Supreme Court, et al.*, 19-CV-5422 (RRM) (PK). Powell Bey fails to explain how these facts are consistent with his claim that he is unable to pay the filing fee in this case. Based on the totality of his submissions, he has not made an adequate showing that he is indigent and eligible for IFP status at this time.

Moreover, Powell Bey's contention that "all court fees should be waived" because gold and silver coins are the only "lawful money" is meritless. (IFP Mot. at 3.) It appears that this argument originates in Moorish-American literature. (*Id.*) Courts have repeatedly rejected similar arguments by plaintiffs who, like Powell Bey, purport to be members of the Moorish National Republic. *See Hope Bey v. DeBlasio*, No. 17-CV-2836 (MKB), 2017 WL 6417318, at *2 (E.D.N.Y. Sept. 25, 2017) (rejecting the argument that plaintiff need not pay the filing fee because gold and silver coins are the only lawful money); *see also Bey v. Knight*, No. 15-CV-5228 (ENV) (RER), 2015 WL 7734099, at *1–3 (E.D.N.Y. Nov. 30, 2015) (finding that

plaintiff's representation that he did not possess gold or silver coins was insufficient for the court to determine whether he was indigent). Accordingly, Powell Bey's motion to proceed IFP is denied without prejudice to renewal.

Should Powell Bey wish to refile his motion to proceed IFP, he is directed to file an amended IFP application using Form AO239 within fourteen days of the date of this Order.

## CONCLUSION

Powell Bey's motion to proceed *in forma pauperis* is denied without prejudice, as his financial declaration does not support a finding of indigency. If Powell Bey wishes to proceed with this action, he must either (1) pay the filing fee to the Clerk of Court of the Eastern District of New York, or (2) file Form AO239, the long form IFP application. If Powell Bey fails to comply with this Order within fourteen days of the date of this Order, this action may be dismissed without prejudice. The Clerk of Court is respectfully directed to mail a copy of this Order and Form AO239 to Powell Bey, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      Nov 18, 2019

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge