UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────X

DARNEL POWELL BEY,

        Plaintiff,

    - against -

ROBIN B. CAMPANELLI; ROBERT MCDONALD;
LISA CORSO; MR. GALAN; MR. MCCULLER;
MR. SANTIAGO; MR. TOMMY; MR. VETTER,

        Defendants.
───────────────────────────────────X

MEMORANDUM AND ORDER
19-CV-5304 (RPK) (PK)

RACHEL P. KOVNER, United States District Judge:

    Plaintiff Powell Bey is a *pro se* litigant who seeks leave to proceed *in forma pauperis* in a suit against four police officers, an assistant district attorney, and several private parties. Plaintiff's complaint alleges that local police arrested him and confiscated his car. Liberally read, his complaint alleges that the arrest and confiscation were improper because plaintiff has sovereign immunity as a "Moorish American National." For the reasons set forth below, plaintiff's complaint is dismissed, and plaintiff is granted leave to file an amended complaint within 30 days of this Order. Plaintiff's failure to file an amended complaint within 30 days will result in dismissal of this case.

**I.**    **Background**

    **A.**    **The Moorish Science Temple**

    Plaintiff's complaint centers on the claim that defendants violated rights he possesses as a "Moorish American National." The "view of legal obligations" reflected in the complaint "is espoused by many adherents to the Moorish Science Temple, which was founded in 1913 by

1

prophet Noble Drew Ali." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). Members of the sect typically "claim to be descendants of the Moors of northern Africa." *Bey v. Indiana*, 847 F.3d 559, 560 (7th Cir. 2017). Many members of the group have claimed in lawsuits across the country that they are "sovereign citizens" who are not subject to American law. *See, e.g.*, *ibid.* (collecting cases); *Smith ex rel. Bey v. Kelly*, 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012) (same). Some members of the group rely on "eighteenth-century treaties with Morocco" as the basis to assert their sovereignty from United States law. *Bey v. Indiana*, 847 F.3d at 560. Others "claim that their Moorish nationality gives them the status in the United States of an indigenous people." *Ibid.* And some adherents believe that "whenever a Moor's name is spelled in capital letters in a government document, the name identifies not the individual but instead his 'corporate shell identity,' or in other words a 'straw man' controlled by the government." *Id.* at 560-61.

### B. Plaintiff's Lawsuit

Plaintiff, a resident of Suffolk County, New York, characterizes his nationality as "Moorish American National" and states that he is a citizen of Morocco. Complaint 2, 4-5. He seeks damages from eight American residents of New York:

- Two attorneys (Robert McDonald and Robin B. Campanelli);
- Four Nassau County police officers (Mr. Galan, Mr. McCuller, Mr. Santiago, and Mr. Vetter);
- Nassau County Assistant District Attorney Lisa Corso; and
- Mr. Tommy of T&D Towing Corporation.

*Id.* at 1-3. Although plaintiff asserts that the basis for jurisdiction here is diversity of citizenship, he also claims the Court has jurisdiction under (**i**) the United States Constitution; (**ii**) the 1787

2

Moroccan Treaty of Peace and Friendship; (**iii**) the Declaration of Independence; (**iv**) the Articles of Confederation; (**v**) 18 U.S.C. § 1028, which governs fraud in connection with identification documents; (**vi**) 28 U.S.C. § 455, which governs the disqualification of a judge whose impartiality might be reasonably questioned; (**vii**) 27 C.F.R. § 72.11, which defines terms in certain Treasury regulations; (**viii**) 18 U.S.C. § 1091, which creates a cause of action for genocide; and (**ix**) New York General Business Law § 349, which declares deceptive business acts and practices unlawful. *Id.* at 4.

Plaintiff provides scant details about the events that gave rise to his lawsuit. According to the complaint, four police officers "violated and harmed" plaintiff on July 23, 2019 "at the Police Department and on the Long Island Expressway." *Id.* at 5. Plaintiff elaborates that the officers—Mr. Galan, Mr. McCuller, Mr. Santiago, and Mr. Vetter—violated his "inalienable birth rights to travel on [his] ancestral land as a heir" by

- Handcuffing and mistreating him;
- Denying his nationality as a Moorish American National;
- Refusing to accept the "National Identification Card" issued to him in his capacity as a Moorish American National; and
- Referring to plaintiff by the "corporate name DARNEL POWELL," which was the name for plaintiff listed in a Department of Motor Vehicles report.

*Ibid.*; *see id.* at 6 (copy of plaintiff's Moorish American National Identification Card). In addition, plaintiff alleges four other defendants harmed him. *Id.* at 5. First, he complains that McDonald and Corso disregarded his status as a Moorish American National and engaged in improper business practices. *Ibid.* And second, he complains that Campanelli and Mr. Tommy T&D

3

Towing Corporation are holding his "personal conveyance" and refuse to return it unless he pays them several thousand dollars. *Ibid.*

Plaintiff seeks monetary damages from defendants. *Id.* at 6. He believes he is entitled to $120,000, *ibid.*, because the seizure of his "personal conveyance" prevented him from "attend[ing] a job interview and accept[ing] the job offer of $120,000, *id.* at 5. Plaintiff also requests $35,000 for the "personal conveyance" that was "confiscated and not returned," a $25,000 fine from each defendant, and a refund of the $500 he paid to Nassau County Corrections to be released from jail. *Id.* at 6.

## II.     Standard of Review

A federal court must have subject matter jurisdiction to decide a case. *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700-01 (2d Cir. 2000). Federal jurisdiction only exists when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Federal courts are obligated to "determine whether subject matter-jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (internal citation omitted). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lydonville,* 211 F.3d at 700-01 (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

A district court is also obligated to dismiss any case brought *in forma pauperis* if the court determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if (**i**) the complaint's "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy";

4

or (**ii**) the complaint's "claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When a court applies the section 1915(e)(2)(B) pleading standards to a *pro se* litigant's complaint, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

**III.     Discussion**

Dismissal is appropriate here because the court lacks subject matter jurisdiction. And even if plaintiff had adequately alleged subject matter jurisdiction, dismissal would be warranted because the complaint is frivolous and fails to state a claim. Nevertheless, plaintiff may file an amended complaint curing the deficiencies identified in this order.

### A.     Plaintiff Failed to Allege Subject Matter Jurisdiction

The complaint does not sufficiently allege diversity or federal question jurisdiction. These deficiencies are fatal to plaintiff's complaint because an action must be dismissed if "subject matter jurisdiction is lacking." *Lydonville*, 211 F.3d at 700-01.

For starters, the Court is not satisfied that it has diversity jurisdiction over this matter. Diversity jurisdiction under 28 U.S.C. § 1332 only exists when all plaintiffs are "citizens of states diverse from those of all defendants." *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir.) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)), *as amended* (Nov. 12, 2014). Plaintiff's complaint suggests that diversity exists because he has Moroccan citizenship by virtue of his membership in the Moorish Science Temple, while defendants are American citizens domiciled in New York. Complaint 4. But plaintiff may not claim foreign citizenship simply because he identifies as a Moorish American National. *See, e.g.*, *Bey v. 279 Capital LLC*, 2020 WL 2542134, at *2 (E.D.N.Y. May 19, 2020) (citation omitted) ("Bey's claim to Moorish or sovereign citizen status does not support diversity jurisdiction."); *Bey v. United States Legislature*, No. 17-CV-7569 (CM), 2017 WL 6611052, at *2 (S.D.N.Y. Oct. 25, 2017) (citation omitted) (Plaintiff's "purported status as a . . . 'Moorish-American' does not create diversity jurisdiction where all parties are domiciled in the same state.").

Plaintiff was warned as much in a recent action before Chief Judge Mauskopf, who dismissed plaintiff's diversity action because he failed to supply proof that he was an actual Moroccan citizen. *See Bey v. Jones*, 2019 WL 2028703, at *3 (E.D.N.Y. May 8, 2019). Plaintiff's complaint therefore does not sufficiently plead diversity jurisdiction.

The complaint also fails to raise a federal question. In the complaint's jurisdiction section, plaintiff cites the United States Constitution, the Treaty of Peace and Friendship, the Articles of Confederation, and the Declaration of Independence. But no allegation in the complaint sheds light on how those documents create jurisdiction here. Likewise, the complaint does not state a claim under any of the other statutes cited in the complaint's jurisdictional section—including those creating causes of action for genocide or the use of fraudulent identification documents. Accordingly, plaintiff has not pleaded federal question jurisdiction either.

### B. The Complaint Is Frivolous

Even if plaintiff had properly alleged subject matter jurisdiction, dismissal would still be required because the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B). The gravamen of the complaint is that plaintiff was arrested even though he is a Moorish American National who is not subject to United States law. This legal theory has been universally rejected by federal courts— the "law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Smith ex rel. Bey*, 2012 WL 1898944, at *2 (collecting cases); *see also, e.g.*, *Gordon v. Deutsche Bank Nat. Trust Co.*, 2011 WL 5325399, *1 n.1 (E.D.N.Y. Nov. 3, 2011) (citation omitted) ("Plaintiff's suggestion that as a member of the 'Moorish-American' nation he is immune from the laws of the United States is misguided."); *Bey v. Bailey*, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010) (citations omitted) ("[T]he

7

suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish-American" nation is without merit ."); *Atum v. Ricigliano*, 2012 WL 3230529, at *2 (E.D.N.Y. July 31, 2012) (rejecting the contention that Moorish Nationals are not subject to New York State laws); *Bey v. Jamaica Realty*, 2012 WL 1634161, *1 n.1 (E.D.N.Y. May 9, 2012) (holding that plaintiff may not claim immunity from United States law by claiming nationality as a "Moorish-American"). To the extent plaintiff's legal claims arise from his purported sovereign immunity as a Moorish American National, they must be dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B).

### C. The Complaint Fails to State a Claim

Finally, dismissal would be warranted even if the Court had subject matter jurisdiction because the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's allegations are "threadbare" and untethered to any legal causes of action. *Iqbal*, 556 U.S. at 678. The closest plaintiff comes to stating a legally cognizable claim are his allegations that (**i**) the police officer defendants "handcuffed and mistreated" him, (**ii**) McDonald and Corso engaged in "[u]nfair and deceptive business practices," and (**iii**) Campanelli and Mr. Tommy T&D Towing Corporation refuse to return his "personal conveyance" to him unless he pays them money. Complaint 5. But plaintiff does not provide any details about how the police mistreated him, what types of unfair and deceptive practices McDonald and Corso engaged in, or how Campanelli and Mr. Tommy T&D Towing Corporation came into possession of his "personal conveyance." Nor does plaintiff specify any legal theory for why the conduct alleged entitles him to damages. Without more specific allegations, the complaint must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

8

## IV.     Conclusion

The complaint is dismissed without prejudice for failure to plead subject matter jurisdiction.  *Lydonville,* 211 F.3d at 700–01.  Had plaintiff adequately alleged subject matter jurisdiction, dismissal would also have been proper for failure to comply with 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has 30 days to file a revised complaint.  The new complaint must be captioned "First Amended Complaint" and bear the same docket number as this Order.  The complaint must, at a minimum, clarify (**i**) the jurisdictional basis for the Court to preside over this case, (**ii**) what each individual defendant did or failed to do that injured plaintiff, and (**iii**) the legal basis for plaintiff's claims against each individual defendant.  All further proceedings are stayed for 30 days.  If plaintiff does not file a First Amended Complaint within 30 days, judgment shall be entered dismissing the case.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                */s/ Rachel Kovner*
                                                Rachel P. Kovner
                                                United States District Judge

Dated:  Brooklyn, New York
         August 3, 2020